```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

LOUIS HAMILTON, ET AL.                              CIVIL ACTION

VERSUS                                              NUMBER: 69-2443

ERNEST N. MORIAL, ET AL.                            SECTION: "A"(5)


### REPORT AND RECOMMENDATION

Presently before the Court is the motion of Sheriff Marlin N. Gusman for partial dismissal, without prejudice, of all portions of this case over which there currently exists administrative closure. (Rec. doc. 1973). More particularly, the Sheriff moved the Court to dismiss without prejudice all allegations of the plaintiffs' amended complaint filed herein on January 22, 1992 (Rec. doc. 599) except the following:

> 1. Those allegations of the Amended Complaint relative to women's health needs, as more particularly described in Paragraphs 50 through 52 of the "Agreed Entry on Medical Care" filed herein on December 5, 1990; (Rec. doc. 476);
>
> 2. Those allegations of the Amended Complaint relative to

>medical services for HIV positive inmates, as more particularly described in Paragraphs 523 through 57 of the Agreed Entry on Medical Care; and

>3. All allegations of the Amended Complaint with respect to the adequacy of housing and staffing for psychiatric services.

The Sheriff further sought that the Court maintain jurisdiction over the enforcement of obligations between the Sheriff, the City of New Orleans and the State of Louisiana with regard to funding obligations assumed by the various parties pursuant to consent decrees herein. Indeed, the Sheriff has not sought to terminate any consent decree in the case pursuant to the "sunset provisions" of the Prison Litigation Reform Act, 18 U.S.C. § 3626 (b).[1]

Also before the Court is the plaintiffs' cross-motion for dismissal without prejudice. (Rec. doc. 1986). In that document, plaintiffs advise that they not only do not oppose the Sheriff's motion, they further seek the dismissal without prejudice of **all** portions of the case involving claims brought by plaintiffs, without prejudice.

Counsel acknowledges that this litigation has become a vast and unwieldy matter and that it has become unmanageable from plaintiffs' perspective.[2] Counsel has further acknowledged that

---

[1]/See Sheriff's memorandum in support of partial motion to dismiss, without prejudice. (Rec. doc. 1973, p. 6).

[2]/ See Plaintiffs' memorandum in support of cross-motion for dismissal without prejudice. (Rec. doc. 1986, p. 6).

Hurricane Katrina has vastly changed the population and physical plant of the jail that existed at the time this litigation was instituted.  Nevertheless, continuation with a portion of this litigation as requested by the Sheriff will require plaintiffs' counsel to at least engage in monitoring activities.  Counsel prefers to be discharged of the obligations of counsel at this time and seeks to have a notice so indicating posted in the day rooms of the jail.

The City of New Orleans has opposed the plaintiffs' motion to dismiss in the entirety, preferring instead that the case be handled through administrative closure.  Alternatively, if the plaintiffs' motion were to be granted as to dismissal of all claims without prejudice, the City argues that notice of the type and method proposed by plaintiffs' counsel should not be allowed. (Rec. doc. 1993).

The State of Louisiana opposes both motions filed by the Sheriff and plaintiffs. (Rec. doc. 1990).  The State argues that administrative closure is the proper method for suspending activity in the case, while maintaining the consent decrees in effect between the parties.  The State further opposes the filing on any new separate class action litigation involving the Orleans Parish Prison without consolidation of those issues with this case.  Lastly, the States opposes the notice of dismissal proposed by

plaintiffs' counsel.

The Court is of the opinion that plaintiff's motion should be granted in part and denied in part.

This litigation has been on-going for some number of years. Much has been accomplished prior to the landfall of Hurricane Katrina. And since that time, the business of operating the Orleans Parish Prison system has changed substantially. That jail is now smaller in scope, many building still not having become operational following the storm.

The needs of the City of New Orleans are still evolving and further systemic litigation of prison issues at this time under the umbrella of this case do not seem needed. Almost one year has elapsed since the motions herein have been filed and nothing further has been forthcoming from plaintiffs' counsel suggestive of the need of further systemic litigation at this time.

The Court is of the opinion that the claims of plaintiff may appropriately be dismissed without prejudice at this time. This does not prevent further litigation from being instigated in the future, should the need arise. Clearly, the inmates housed in Orleans Parish Prison have always maintained the right to file individual civil actions to highlight issues cognizant under 42 U.S.C. § 1983. Indeed, there have been multiple suits dealing with the delay in evacuation of inmates from Orleans Parish Prison

immediately post the landfall of Katrina.

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that:

1) all claims enunciated by plaintiffs herein, whether the subject of a consent decree or not, be dismissed without prejudice.

2) plaintiffs' counsel, the ACLU Prison Project, be discharged as counsel for plaintiffs herein.

3) all consent decrees setting forth economic responsibilities between the Sheriff, the City of New Orleans and the State of Louisiana remain in force and effect until further orders of the Court.

4) a notice be placed in a conspicuous area on all current tiers of the jail wherein inmates are housed which shall read as follows:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LOUIS HAMILTON                           CIVIL ACTION # 69-2443

V.

ERNEST N. MORIAL, ET AL.                 SECTION: "A", MAG. 5


NOTICE OF DISMISSAL WITHOUT PREJUDICE

The above captioned litigation has been pending in the United States District Court for the Eastern District of Louisiana for some number of years. This case is a class

5

action which dealt with allegations that certain conditions at the Orleans Parish Prison fall below minimum constitutional standards prohibiting cruel and unusual punishment.

For several years, portions of this case have been administratively closed by order of the Court. In 2001, the Court administratively closed all issues in the case pertaining to medical care and environmental issues, except for HIV and women's health issues. (Rec. Doc. 1631). In 2004, the Court administratively closed the psychiatric care aspects of the case. (Rec. Doc. 1816).

This notice is to advise you of a Court order dismissing, without prejudice, all claims raised by plaintiffs in this litigation, whether administratively closed or otherwise.

This is no way implicates any claims which you, as individuals, believe you have based upon your personal incarceration in the Orleans Parish Prison.

The Court order executed herein further discharges the ACLU Prison Project as counsel for plaintiffs in connection with the class action litigation known as Hamilton v. Morial.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this <u>23rd</u> day of <u>      August      </u>, 2007.

_Alma L. Chasez_
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE
